# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**ROBERT SOWELL,**

      **Plaintiff,**

**v.**                                          **Civil Action 2:18-cv-1561**
                                                    **Judge Algenon L. Marbley**
                                                      **Magistrate Judge Kimberly A. Jolson**

**COMMISSIONER OF**
**SOCIAL SECURITY,**

      **Defendant.**

## REPORT AND RECOMMENDATION

On December 19, 2018, Plaintiff filed a second motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). (Doc 3). This motion followed the Court's Order Denying Plaintiff's December 4, 2018 motion to proceed *in forma pauperis* without prejudice, and directing Plaintiff to supplement his affidavit. (Doc. 2).

In *Adkins v. E.I. DuPont de Nemours & Co., Inc.*, 335 U.S. 331 (1948), the Supreme Court set forth the legal standard applicable to a motion to proceed *in forma pauperis*. An affidavit of poverty is sufficient if it reflects that the plaintiff cannot pay the Court's filing fee without depriving himself and his dependents the "necessities of life." *Id.* at 339 (internal quotation marks omitted). Although the plaintiff need not be totally destitute in order to proceed *in forma pauperis*, paying the filing fee must be more than a mere hardship. *See Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001) (noting that "the question is whether the court costs can be paid without undue hardship"). Consequently, unless it is clear that the one-time payment of the Court's filing fee will render the plaintiff unable to provide for himself and his dependents, the Court cannot grant him *in forma pauperis* status. *See Adkins*, 335 U.S. at 339.

The Court instructed Plaintiff supplement his affidavit to include the amount he earned pursuant to his September 2018 employment and information regarding his assets, expenses, creditors, rent, loans, or other information that would help the Court ascertain the sufficiency of his motion. (Doc. 2 at 2). However, the Plaintiff's supplemented affidavit again failed to provide the Court with enough information to apply the above standard. Instead, Plaintiff's affidavit indicates that he has earned an income as recently as October 2018, and that he does not have any dependents or financial liabilities. The Court has given the Plaintiff two chances to provide information to help the Court ascertain the sufficiency of his motion, and the Plaintiff has twice failed to provide appropriate information. Accordingly, it is **RECOMMENDED** that the Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 3) be **DENIED**.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of

the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

    IT IS SO ORDERED.


Date: December 31, 2018                                        /s/ Kimberly A. Jolson
                                                                           KIMBERLY A. JOLSON
                                                                           UNITED STATES MAGISTRATE JUDGE